# Wytheville

MRS. J. E. PERRY AND OTHERS v. DIXIE GUANO COMPANY, INC.

June 10, 1940.

Record No. 2235.

Present, All the Justices.

The opinion states the case.

*Thomas L. Woodward* and *M. Anderson Maxey,* for the plaintiffs in error.

*G. A. Harris, William S. Holland* and *Edwin T. Coulbourn,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This case grows out of an attachment proceeding instituted in the Civil and Police Justice court of the city of Suffolk, Virginia, by Dixie Guano Company, Incorporated, a Virginia corporation, against R. D. Boyce and J. E. Perry, principal defendant, based upon a judgment which the Dixie Guano Company had secured against the said defendants in the Superior Court of Chowan county in the state of North Carolina, that being their place of residence.

The attachment was quashed and the petition therefor dismissed by the civil and police justice court on the ground, among others, that the attachment was based upon an obligation for which a valid judgment had theretofore been rendered and that an attachment does not lie on a judg-

ment, wherever rendered, for the reason that a judgment does not come within the provisions of the Virginia statute in such case made and provided. See section 6378 of the Code of Virginia.

An appeal was had to the Circuit Court of the City of Suffolk, where the case was heard upon the pleadings filed and the testimony of witnesses before the court, including a jury. A verdict, which was confirmed by the court, was rendered in favor of the plaintiff below, which was in the following words, to-wit:

"We the jury find a verdict that the peanuts involved are the property of Mr. J. E. Perry."

Levy, to satisfy the attachment, was made upon a truck load of peanuts, alleged to be the property of J. E. Perry, the principal defendant, the peanuts, at the time of the levy, being in the city of Suffolk, under agreement of sale to the Planters Nut & Chocolate Company. The peanuts had been purchased in North Carolina and from there conveyed by truck to the city of Suffolk, Virginia.

The defendants in the trial court, who are the plaintiffs in error here, made various defenses which constituted nine assignments of error, some of which present interesting questions of law, jurisdictional and otherwise, but only one, we think, needs to be considered. The important and major issue arises out of assignment of error number eight, which calls in question the propriety and legality of the refusal of the court to set aside the verdict as contrary to the law and the evidence, and in entering judgment against J. E. Perry and ordering sale of the attached property.

The onus of the motion upon which this defense is predicated is that the property attached belonged to Mrs. J. E. Perry in her separate and individual right. It was alleged that her husband, against whom the North Carolina judgment existed, had no interest in it.

The court instructed the jury that the burden of proof was upon the plaintiff in the trial court to prove that property attached belonged to J. E. Perry, its judgment debtor. In our opinion, the evidence wholly fails to estab-

lish this requisite. We are cognizant of the fact that the litigant who prevails in the trial court and who comes to us with the verdict of a jury, confirmed by the court, in his favor is entitled to have the evidence interpreted in its most favorable light to him, but, even so, this cannot afford a way for his extrication from the disastrous consequence of the failure to prove his case. We cannot escape the conviction that such proof is lacking in this case.

■ This court has said, not infrequently, that it is as obligatory upon it to set aside and reverse a verdict and judgment, based upon inadequate and inconclusive evidence, as it is to uphold and affirm such verdict and judgment which is in accord with the evidence. This it cannot hesitate to do when, in its judgment, it attains the ends of justice and right. See *Southern Ry. Co.* v. *Burton & Briel,* 149 Va. 364, 141 S. E. 113; *Bohlkin* v. *City of Portsmouth,* 146 Va. 340, 348, 131 S. E. 790, 792, 44 A. L. R. 810; *Nicholson* v. *Garland,* 156 Va. 745, 158 S. E. 901; *Bailey* v. *Fore,* 163 Va. 611, 177 S. E. 100; *American Legion* v. *Wm. Byrd Press,* 168 Va. 1, 190 S. E. 140; *South Hill Motor Co.* v. *Gordon,* 172 Va. 193, 200 S. E. 637.

The evidence here shows, without question, that Mrs. J. E. Perry, trading generally as Mrs. Mattie K. Perry, had been engaged in buying and selling peanuts for some eight or ten years; that her husband, J. E. Perry, had been anything but successful in his business activities; that he had become involved in debt and was improvident and unthrifty, indeed, the judgment against him had been procured in the year 1933; that the house in which he lived belonged to his wife; that in the conduct of her business she was aided by him to the extent of his judgment as to the quality of peanuts proposed to be purchased, for which she compensated him at intervals by cash sums; that the peanuts in question were bought by her in North Carolina, after inspection by herself and her husband; that they were paid for by her check drawn on a North Carolina bank; that they were weighed by her agent, Joseph Bynum and that they were conveyed to Suffolk by her employee, Lycurgus Perry.

The only evidence not in accord with the above conclusions was that of the witness, Hayes, who was the buyer and employee of the Planters Nut & Chocolate Company, to which the peanuts were sold, but not delivered, on account of the attachment proceedings. This witness made a memorandum, which was allowed in evidence, at the time, which recited J. E. Perry as the owner of the peanuts, which was admittedly but his own conclusion. He had not been informed by anyone as to the ownership of the peanuts but his conclusion was based upon the fact that J. E. Perry had theretofore sold and delivered peanuts to his company, and that he thought the truck in which the peanuts were loaded belonged to the said J. E. Perry. There was testimony to the effect that Mrs. J. E. Perry had not sold any peanuts during the fall of that year to him or his company but his testimony shows that he failed to distinguish between "Mrs. J. E. Perry" and "Mrs. Mattie K. Perry."

There is some testimony that Mrs. Perry at some time during this proceeding directed another firm called the New Peanut Growers Corporation to take charge of the peanuts on her account and that she made good a bad check which had been given by her husband. This seems a natural and humane thing for a wife to have done, and does not impair the strength and force of her case as developed by the evidence. The verdict is unsupported by and against the decided weight of the evidence, and, in our opinion, is plainly wrong.

We feel compelled to reverse the judgment of the trial court, and upon the evidence, we enter judgment for the plaintiffs in error.

*Reversed and judgment entered.*